**NOT FOR PUBLICATION**

**FILED**

MAR 26 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DUANE RONALD BELANUS, | No.   18-35474 |
| Plaintiff-Appellant, | D.C. No. 6:12-cv-00065-DLC |
| v. | |
| LEO DUTTON; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Montana
Dana L. Christensen, Chief District Judge, Presiding

Submitted March 24, 2020[**]

Before:  GOODWIN, FARRIS, and LEAVY, Circuit Judges.

Montana state prisoner Duane Ronald Belanus appeals pro se the district court's judgment, following a jury trial, in his action under 42 U.S.C. § 1983 alleging that defendants failed to protect him from inmate assault. We have jurisdiction under 28 U.S.C. § 1291. We affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

Belanus has not shown plain error in Jury Instruction 10. *See C.B. v. City of Sonora*, 769 F.3d 1005, 1016 (9th Cir. 2014) (where a party fails to preserve an objection to jury instructions in a civil case, we review only for plain error). First, because Belanus had been convicted at the time of the events at issue in this case, the district court properly applied Eighth Amendment standards to his claim. *See Pierce v. Cnty. of Orange*, 526 F.3d 1190, 1205 (9th Cir. 2008) (pre-trial detainees have a Fourteenth Amendment protection against conditions that amount to punishment, while convicted prisoners "may be subject to punishment so long as it does not violate the Eighth Amendment's bar against cruel and unusual punishment"); *Resnick v. Hayes*, 213 F.3d 443, 448 (9th Cir. 2000) (holding that a plaintiff who had been convicted but awaited sentencing should be treated as a convicted prisoner rather than a pretrial detainee for purposes of his constitutional claim). Second, Jury Instruction 10 accurately states the elements of an Eighth Amendment claim for deliberate indifference to a prisoner's safety. *See Farmer v. Brennan*, 511 U.S. 825, 847 (1994) (explaining requirements of such a claim).

The district court did not abuse its discretion in denying Belanus's requests for appointment of counsel because Belanus failed to demonstrate exceptional circumstances. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (standard of review; explaining the "exceptional circumstances" requirement).

**AFFIRMED.**